UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Ronnie Lee Hicks II,

        Plaintiff,

v.

William Woehl et al,

        Defendants.

CASE NO. 3:19-cv-05893-BHS-JRC

ORDER

Before the Court is plaintiff's motion for appointment of counsel. Dkt. 10. Defendants filed a response opposing plaintiff's motion.[1] Dkt. 16.

There is no constitutional right to appointed counsel in a § 1983 civil action, and whether to appoint counsel is within this Court's discretion. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995). Appointment of counsel for indigent civil litigants under 28 U.S.C. § 1915(e)(1) requires "exceptional circumstances." *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (citing

---

[1] The Court notes that the complaint incorrectly spelled the name of defendant William Woehl as "Wohl." *See* Dkt. 16.

ORDER - 1

former 28 U.S.C. § 1915(d) (1996)), *overruled on other grounds*, 154 F.3d 952 (1998). To decide whether exceptional circumstances exist, the Court must evaluate "both 'the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). "Neither of these factors is dispositive and both must be viewed together[.]" *Id.*

Plaintiff alleges that he is mentally ill and has a "lay person's knowledge of the law at best." Dkt. 10. Plaintiff alleges if the allegations in his complaint are proven, he will have "good chance of prevailing." *Id.*

Here, plaintiff has not shown that he is likely to succeed on the merits of his case or shown an inability to articulate his claims in a fashion that is understandable to the Court. For example, although plaintiff alleges that he is mentally ill, plaintiff does not allege that his mental illness prevents him from litigating this case in any way. Dkt. 10. His pleadings before the Court demonstrate that he is able to understand the legal standards applicable to his § 1983 claims and communicate the factual basis for those claims. *See id.*

In addition, this is not a complex case nor do plaintiff's § 1983 claims entitle him to representation. *See Storseth*, 654 F.2d at 1353. "Most actions require development of further facts during litigation and a *pro se* litigant will seldom be in a position to investigate easily the facts necessary to support the case. If all that was required to establish successfully the complexity of the relevant issues was a demonstration of the need for development of further facts, practically all cases would involve complex legal issues." *Wilborn*, 789 F.2d at 1331. The Court also notes "[p]laintiff's incarceration and limited access to legal materials are not exceptional factors constituting exceptional circumstances that warrant the appointment of

counsel. Rather, they are the type of difficulties encountered by many pro se litigants." *Dancer v. Jeske*, 2009 WL 1110432, *1 (W.D. Wash. Apr. 24, 2009).

Thus, Court finds that plaintiff has not shown the exceptional circumstances required for the appointment of counsel. Plaintiff's motion to appoint counsel (Dkt. 10) is therefore denied without prejudice.

In addition, the Clerk is directed to correct the docket to reflect the correct spelling of defendant Woehl's last name.

Dated this 17th day of December, 2019.

J. Richard Creatura
United States Magistrate Judge