UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONNIE LEE HICKS II,

    Plaintiff,

v.

WILLIAM WOEHL *et al*,

    Defendants.

CASE NO. 3:19-cv-05893-BHS-JRC

REPORT AND RECOMMENDATION

NOTED FOR: March 13, 2020

This 42 U.S.C. § 1983 civil rights matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §§ 636 (b)(1)(A) and (B) and Local Magistrate Judge Rules MJR 1, MJR 3, and MJR 4. Before the Court is defendants' motion to dismiss. Dkt. 20.

Plaintiff alleges that defendants retaliated against him for filing grievances, and defendants have moved to dismiss. Plaintiff has adequately alleged retaliation and his allegations, taken as true, demonstrate that defendants violated a clearly established right. Consequently, plaintiff's claims against defendants in their personal capacities should not be dismissed at the pleading stage. However, because plaintiff seeks only monetary damages, he

REPORT AND RECOMMENDATION - 1

1  has not adequately stated claims against defendants in their official capacities.  The Court
2  recommends dismissal of the claims against defendants in their official capacities without leave
3  to amend because injunctive relief would be moot, and amendment would therefore be futile.
4  Accordingly, the Court recommends that defendants' motion be granted in part and denied in
5  part.

## BACKGROUND

7  Plaintiff, proceeding *pro se* and *in forma pauperis*, is currently a prisoner confined at the
8  Washington Corrections Center; however, during the time relevant to this case he was detained
9  at the Western State Hospital (WSH). [1]  Dkt 7, at 1; Dkt. 19.  Plaintiff alleges that defendants,
10 WSH employees William Woehl, Clinton Wyatt and Ryan Tisino, retaliated against him for
11 raising grievances.  Dkt. 7, at 1.  Plaintiff asserts claims against defendants in both their personal
12 and official capacities.  *Id.*, at 2.
13 Plaintiff alleges that on August 8, 2019, he filed multiple grievances in writing and by
14 telephone.  Dkt. 7, at 3 ¶ 4.  WSH's acknowledgement of the grievances indicates that seven of
15 them were made by telephone.  Dkt. 7, at 9.  The next day, defendant Wyatt wrote a report
16 complaining about plaintiff's grievances; defendant Wyatt also restricted plaintiff's ability to
17 make telephone calls unless Wyatt facilitated them, meaning that plaintiff was forbidden any
18 telephone access during Wyatt's absence from WSH.  *Id*, at 3 ¶ 6; 7 ¶ 6.

---

[1] Plaintiff does not describe his status while at WSH.  A civil detainee may be subject to a different standard.  *See Youngberg v. Romeo,* 457 U.S. 307, 319-22 (1982).  The Ninth Circuit has held that precedent defining the constitutional rights of prisoners can be relied upon to establish a floor for the constitutional rights of those who are civilly detained.  *Hydrick v. Hunter,* 500 F.3d 978, 989 n. 7 (9th Cir. 2007), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009).

1    Three days before lodging his grievances, plaintiff had filed a request for a promotion of
2    his level. *Id.*, at 2 ¶ 3. Plaintiff alleges that defendants denied his application after reading
3    defendant Wyatt's treatment notes about plaintiff's grievance activity, even though plaintiff had
4    participated in every therapeutic and religious activity available to him. *Id.*, at 2 ¶ 2; 3 ¶ 7.
5    Plaintiff asserts that defendants' ground for this denial—that Plaintiff had not completed enough
6    treatment hours—was spurious in light of the treatment he had pursued; in addition, he claims
7    that not completing enough treatment hours as a ground for denial is contradicted by the WSH
8    Orientation Handbook. *Id.*, at 3 ¶¶ 7, 8.
9    Finally, plaintiff alleges that defendants denied a request for visitation he made shortly
10   after filing his grievances, invoking an allegedly false rule that visitation was not permitted to
11   detainees at plaintiff's level. *Id.*, at ¶¶ 7, 9.
12   Defendants have moved to dismiss, arguing that plaintiff has failed to state a claim for
13   retaliation, that they are entitled to qualified immunity, and that plaintiff's claims against
14   defendants in their official capacities are barred by the Eleventh Amendment.

## STANDARD OF REVIEW

A motion to dismiss can be granted only if plaintiff's complaint, with all factual allegations accepted as true, fails to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 545 (2007).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556, 570).

1      A complaint must contain a "short and plain statement of the claim showing that the

2 pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the

3 statement need only give the defendant fair notice of what the … claim is and the grounds upon

4 which it rests." *Erickson v. Pardus, et al.*, 551 U.S. 89, 93 (2007) (internal citations omitted).

5 However, the pleading must be more than an "unadorned, the-defendant-unlawfully-harmed-me

6 accusation." *Iqbal*, 556 U.S. at 678.

7      While the Court must accept all the allegations contained in the complaint as true, the

8 Court does not have to accept a "legal conclusion couched as a factual allegation." *Iqbal*, 556

9 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere

10 conclusory statements, do not suffice." *Id.*; *Jones v. Cmty. Dev. Agency*, 733 F.2d 646, 649 (9th

11 Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state

12 section 1983 claims); *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

13      Ordinarily, a prisoner should be granted leave to amend to address the deficiencies in his

14 complaint. *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1992), *overruled on other grounds WMX*

15 *Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997). However, "district courts are only

16 required to grant leave to amend if a complaint can possibly be saved"; leave amend is not

17 required "if a complaint lacks merit entirely." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir.

18 2000).

19                                **PROCEDURAL HISTORY**

20      The Court granted plaintiff *in forma pauperis* status and, after screening the complaint,

21 ordered that it be served. Dkts. 6, 8. Defendants filed their motion to dismiss on December 27,

22 2019 and have served the motion and a *Rand* notice on plaintiff. Dkts. 20, 21. Plaintiff has not

23 responded to the motion.

24

**MATERIALS FOR CONSIDERATION**

Plaintiff attached a declaration and several exhibits to his complaint, which may be considered in a motion to dismiss. *See Gumataotao v. Dir. of Dep't of Revenue & Taxation*, 236 F.3d 1077, 1083 (9th Cir. 2001).

**DISCUSSION**

To state a claim for relief under 42 U.S.C. § 1983, at least two elements must be met: (1) the alleged infringement must have been proximately caused by a person acting under color of state law and (2) defendants' conduct must have deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. *Paratt v. Taylor*, 451 U.S. 527 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986). A third element of causation is implicit in the second element. *See Mt. Healthy City School Dist. Bd. Of Educ. v. Doyle*, 429 U.S. 274, 286–87 (1977); *Flores v. Pierce*, 617 F.2d 1386, 1390–91 (9th Cir. 1980). A plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**I.     Retaliation Claim**

Plaintiff had a First Amendment right to use WSH's grievance procedures and to be free from retaliation for doing so. *See Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009); *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). To prevail on a retaliation claim under § 1983, a plaintiff must show: (1) an adverse action by a state actor against the inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment right or would chill or silence the speech of a person of ordinary firmness and (5) the action did not reasonably advance a legitimate correctional goal.

1  *Rhodes v. Robinson,* 408 F.3d 559, 567–68 (9th Cir. 2005). Filing grievances and lawsuits is
2  protected conduct. *Rhodes*, 408 F.3d at 567.
3        Defendants argue that plaintiff has not adequately pled facts establishing the third, fourth
4  and fifth elements of a retaliation claim against defendants in their personal capacities.

5        *a. Adverse Action with Harmful or Chilling Effects*

6        Plaintiff must allege that a defendant took an adverse action against plaintiff (*Rhodes,*
7  408 F.3d at 567); however, that action need not constitute an independent constitutional
8  violation. *Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir. 1995). Allegations of harm are sufficient
9  to state a retaliation claim without any additional allegation of a chilling effect. *See Pratt,* 65
10 F.3d at 807–08; *Watison,* 668 F.3d at 1114; *see also Rhodes,* 408 F.3d at 567–68 n. 11 ("[H]arm
11 that is more than minimal will almost always have a chilling effect."); *Wilson v. Nesbeth*, 341 F.
12 App'x 291, 293 (9th Cir. 2009). Furthermore, "that the retaliatory conduct did not chill the
13 plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to
14 dismiss stage." *Watison,* 668 F.3d at 1114 (*citing Rhodes,* 408 F.3d at 569).
15       Defendants argue that plaintiff failed to allege a chilling effect and that the alleged
16 adverse action was merely *de minimis*. Dkt. 20, at 6. The Court disagrees. Plaintiff alleges,
17 first, that defendants deprived him of any access to the telephone unless it was supervised by
18 defendant Wyatt. Dkt. 7, at 3 ¶6. As plaintiff's previous grievances had been made in large part
19 by telephone (Dkt. 7, at 9), this restriction effectively terminated plaintiff's ability to lodge
20 grievances while defendant Wyatt was absent from WSH; it also imposed intimidating oversight
21 over plaintiff's grievance activity by the very party against whom plaintiff had lodged
22 grievances. It cannot be said that such actions would not chill a person of ordinary firmness
23 from filing future grievances or engaging in other protected activities. *Brodheim*, 584 F.3d at
24

1271. Further, plaintiff alleges that defendants denied him benefits for pretextual reasons that were directly contrary to written WSH procedures.[2] Dkt. 7, at 7 ¶¶8, 9. These are more than "minimal" harms. *Rhodes,* 408 F.3d at 567–68 n. 11; *see, e.g. Watison*, 668 F.3d at 1116 (refusing to serve plaintiff breakfast was sufficient retaliation); *Pratt*, 65 F.3d at 805–6 (housing plaintiff in a double cell was adverse action); *Hines v. Gomez*, 108 F.3d 265, 269 (9th Cir. 1997) (threat to transfer and remove television privileges supported retaliation claim). Plaintiff has adequately pled facts establishing adverse action that was either harmful or imposed a chilling effect.

        b. *Retaliatory Motive*

Plaintiff must allege a causal connection between the alleged adverse action and his protected conduct. *Brodheim*, 584 F.3d at 1269; *Rhodes*, 408 F.3d at 567. "Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." *Watison*, 668 F.3d at 1114 (*citing Pratt*, 65 F.3d at 808 ("timing can properly be considered as circumstantial evidence of retaliatory intent") and *Murphy v. Lane*, 833 F.2d 106, 108–09 (7th Cir. 1987)). *See also McCollum v. Cal. Dept. of Corrections & Rehab.*, 647 F.3d 870, 882 (9th Cir. 2011) (circumstantial evidence of motive can be shown at the summary judgment stage by one of the following: (1) proximity in time; (2) defendant's expression of opposition; or (3) evidence that defendants' proffered reasons were "false and pretextual.").

---

[2] An institution's regulations do not, themselves, confer rights upon its residents and thus create no separate legal rights. *Sandin v. Conner*, 515 U.S. 472, 481–82 (1995). However, plaintiff is not required to establish that the alleged adverse action qualifies as an independent constitutional violation. *Pratt,* 65 F.3d at 806 (9th Cir. 1995).

1        Here, plaintiff has alleged that defendant Wyatt "wrote a report complaining about
2 Plaintiff's grievances" on the day after plaintiff filed them and simultaneously restricted
3 plaintiff's telephone access. Dkt. 7, at 3 ¶6. Furthermore, defendants Wyatt, Woehl and Tisino
4 denied plaintiff's requests on allegedly pretextual grounds only three days later, "after reading
5 defendant Wyatt's treatment notes about [plaintiff's] grievance activity." *Id*, at ¶ 7. Thus,
6 plaintiff has alleged all three of the alternatives suggested in *McCollum* to establish retaliatory
7 motive: proximity in time between the protected activity and the alleged retaliation, defendant
8 Wyatt's contemporaneous expression of opposition, and defendants' proffer of pretextual
9 reasons. 647 F.3d at 882. These allegations are more than sufficient at the pleading stage to
10 make a "plausible" showing that defendants' actions were prompted by plaintiff's protected
11 activity.

12                c. *Legitimate Correctional Goal*

13        Plaintiff must allege that defendants' action "did not reasonably advance a legitimate
14 correctional goal." *Brodheim*, 584 F.3d at 1269. "A plaintiff successfully pleads this element by
15 alleging, in addition to a retaliatory motive, that the defendant's actions were arbitrary and
16 capricious, or that they were 'unnecessary to the maintenance of order in the institution[.]'"
17 *Watison*, 668 F.3d at 1114–15 (internal citation omitted) (*quoting Franklin v. Murphy,* 745 F.2d
18 1221, 1230 (9th Cir. 1984)).

19        Defendants contend that they denied plaintiff's requests for a level increase and visitation
20 for legitimate penological reasons—namely, that plaintiff had not attended sufficient hours of
21 treatment for a level increase and that plaintiff's current level did not permit visitors. Dkt. 20, at
22 9. But plaintiff alleges that those very purported reasons are demonstrably false: plaintiff asserts
23 that the WSH handbook provides that his level promotion request was not subject to any
24

REPORT AND RECOMMENDATION - 8

1    "treatment hour" requirement and that detainees at plaintiff's level were eligible to have visitors.
2    Dkt. 7, at 3–4, ¶¶8, 9.  This allegation, which the Court must accept as true, is sufficient to allege
3    that defendants' actions in denying plaintiff's requests were arbitrary and capricious; such action
4    does not reasonably advance a legitimate correctional goal.  *Watison*, 668 F.3d at 1114–15.
5    Defendants have identified no legitimate correctional goal for their virtual elimination of
6    plaintiff's ability to lodge grievances by telephone.  Plaintiff has adequately pled this element of
7    his retaliation claim.

8        At the motion to dismiss stage, a plaintiff must only plead sufficient facts for the Court to
9    find it "plausible" that the defendants retaliated against him in violation of his rights under the
10   First Amendment.  *See Iqbal*, 556 U.S. at 681.  Defendants have not shown that plaintiff's set of
11   facts, if proven, would not entitle plaintiff to relief.  *See Keniston v. Roberts*, 717 F.2d 1295,
12   1300 (9th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1990)).  Although a
13   summary judgment motion may result in a different result, the standard governing a motion to
14   dismiss allows the conclusion at this point in the proceedings that plaintiff has stated facts
15   establishing more than a mere possibility that defendants acted in violation of plaintiff's First
16   Amendment rights.  *See Twombly,* 550 U.S. at 545.  Thus, the Court recommends that
17   defendants' motion to dismiss be denied as to plaintiff's personal capacity claims for retaliation.

18       **II.**    **Qualified Immunity**

19       "[G]overnment officials performing discretionary functions [are entitled to] qualified
20   immunity, shielding them from civil damages liability as long as their actions could have
21   reasonably been thought consistent with the rights they are alleged to have violated." *Anderson*
22   *v. Creighton*, 483 U.S. 635, 638 (1987).  The first step in the qualified immunity analysis is
23   whether the facts "[t]aken in the light most favorable to the party asserting the injury … show
24

1  [that] the [defendant's] conduct violated a constitutional right[.]" *See Saucier v. Katz*, 533 U.S.
2  194, 201 (2001).

3  The second step is whether the right was clearly established at the time of the alleged
4  violation. *Id*. When identifying the right that was allegedly violated, a court must define the
5  right more narrowly than the constitutional provision guaranteeing the right, but more broadly
6  than all of the factual circumstances surrounding the alleged violation. *See Watkins v. City of
7  Oakland, Cal.*, 145 F.3d 1087, 1092–93 (9th Cir. 1998); *Carnell v. Grimm*, 74 F.3d 977, 979–80
8  (9th Cir. 1996), *abrogated in part on other grounds*, *Gordon v. Cnty. of Orange*, 888 F.3d 1118
9  (9th Cir. 2018); *Kelley v. Borg*, 60 F.3d 664, 667 (9th Cir. 1995); *Camarillo v. McCarthy*, 998
10 F.2d 638, 640 (9th Cir. 1993).

11 As discussed above, assuming all allegations in the complaint are true (as the court must
12 at this stage), plaintiff has sufficiently alleged a claim of retaliation in violation of his First
13 Amendment rights. Thus, the Court proceeds to determining whether the contours of the right
14 were clearly established. *See Saucier*, 533 U.S. at 201. Here, plaintiff alleges that defendants
15 retaliated against him for exercising his constitutional right to submit grievances, acting in
16 contravention of WSH's own rules. The Ninth Circuit has "firmly recognized" that "the
17 prohibition against retaliatory punishment is clearly established law … for qualified immunity
18 purposes." *Rhodes*, 408 F.3d at 569 (internal citations and quotations omitted). The existence of
19 "regulations governing the conduct of correctional officers" is "relevant in determining whether
20 an inmate's right was clearly established[.]" *Furnace v. Sullivan*, 705 F.3d 1021, 1027 (9th Cir.
21 2013). The facts, as alleged at this stage of the proceedings, present a clearly established right to
22 be free from silencing measures and pretextual retaliation for exercising the First Amendment
23 right to file grievances.

24

1        Therefore, a determination on qualified immunity is not appropriate at this stage of the
2 proceedings.  The Court recommends that defendants' motion to dismiss on the basis of qualified
3 immunity be denied.

4    **III.    Official Capacity Claims**

5        Plaintiff asserts claims against defendants in both their personal and official capacities.
6 Defendants seek dismissal the official capacity claims.

7        42 U.S.C. § 1983 applies to the actions of "persons" acting under color of state law.
8 However, for purposes of § 1983, a state is not a "person."  *See Arizonans for Official English v.*
9 *Arizona*, 520 U.S. 43, 69 (1997); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

10       Official capacity suits filed against state officials are merely an alternative way of
11 pleading an action against the state.  *Hafer v. Mello*, 502 U.S. 21, 25 (1991).  Such officials are
12 "persons" under section 1983, but because the Eleventh Amendment prohibits suits for damages
13 against the states, official capacity suits seeking monetary damages are likewise prohibited.
14 Such claims may only seek forward-looking injunctive relief.  *Id*.  Here, plaintiff seeks only
15 monetary damages; he does not seek any injunctive relief.  Dkt. 7, at 4.  Plaintiff has therefore
16 not stated a claim upon which relief can be granted against defendants in their official capacities.

17       The Court recommends that plaintiff's claims against defendants in their official capacity
18 be dismissed.  Ordinarily, a plaintiff should be permitted an opportunity to amend to remedy
19 defects in his claim.  *McGuckin*, 974 F.2d at 1055.  However, the defects here cannot be
20 remedied.  Plaintiff is no longer housed at WSH and any injunctive relief would therefore be
21 moot; plaintiff's only available remedy is an award of damages.  Accordingly, the Court
22 recommends that the official capacity claims be dismissed with prejudice and without leave to
23 amend.

24

# CONCLUSION

For the reasons set forth above, the Court recommends that defendants' motion be granted in part and denied in part. Plaintiff's claims against defendants in their official capacities should be dismissed with prejudice and without leave to amend; however, plaintiff's personal capacity claims should not be dismissed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on March 13, 2020 as noted in the caption.

Dated this 25th day of February, 2020.

J. Richard Creatura
United States Magistrate Judge